# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY ALLEN HENCH, | ) |
| Petitioner, | ) |
| vs. | ) Civil Action No. 11-1505 |
| COMMONWEALTH OF PA.; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) Chief Judge Gary L. Lancaster/ ) Magistrate Judge Maureen P. Kelly |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 be transferred forthwith to the United States District Court for the Middle District of Pennsylvania because that is the District wherein his state court conviction was obtained, and, as such, it is the proper venue for litigation of the underlying allegations of the Petition.

### II. REPORT

Jay Allen Hench, ("Petitioner") is currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), which is located in Centre County, Pennsylvania, which is within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118. Petition challenges the validity of his conviction, which was obtained in the Cumberland County Court of Common Pleas, which is located within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. ECF No. 1 at 1, ¶ 1(a) (referencing the Cumberland County Court of Common

Pleas as place where conviction was obtained).[1] Because that conviction arose out of Cumberland County, the interests of justice weigh in favor of transferring this case to the United States District Court for the Middle District of Pennsylvania.

### A. APPLICABLE LEGAL PRINCIPLES AND DISCUSSION

Venue[2] in habeas corpus cases filed by state prisoners challenging their convictions, is proper in either the federal District in which the state conviction was obtained or the federal District in which the petitioner was incarcerated at the time of filing the habeas petition. See Walker v. Lockhart, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District. 28 U.S.C. § 2241(d).").

In this case, Petitioner was incarcerated within the Middle District, at the time of the filing of the Petition, and his conviction arose out of the Middle District. Hence, the United States District Court for the Western District has no connection with the Petition.

---

[1] The Court takes judicial notice of the criminal court docket of Cumberland County in Petitioner's criminal case, which is available at: http://ujsportal.pacourts.us/docketsheets/CPReport.aspx?docketNumber=CP-21-CR-0002430-2008 (site last visited 1/17/2012).
    The Court notes that the last entry of significance filed on that docket occurred on November 19, 2009 when the Common Pleas court denied Petitioner's motion for leave to withdraw his guilty plea. The present Section 2254 habeas petition was not received in this court until November 28, 2011. Hence, there may be a statute of limitations issue here but because we determine venue is improper here, we will allow the Middle District Court to address this issue in the first instance.

[2] The issue of proper venue may be raised *sua sponte* by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).

It has been the general practice of the federal district courts in Pennsylvania to transfer habeas corpus petitions to the federal district court wherein the Common Pleas Court is located that conducted the underlying criminal trial of the federal habeas petitioner. Ortiz v. Pennsylvania, No. 3:10cv028, 2010 WL 936448, at *1 (M.D.Pa., March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); Nightingale v. Vincent, No. Civ.A. 08-95J, 2008 WL 1943427, at *2 (W.D.Pa., May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted."). See also Rouzer v. DiGuglielmo, Civ.A. No. 07-0268, 2007 WL 853750, at *1 (E.D.Pa., March 20, 2007).

Considering the foregoing, it appears that the proper course is to transfer this Petition to the Middle District, the District wherein Petitioner's criminal trial was held and wherein he was incarcerated at the time he commenced the Petition. Accordingly, it is recommended that the case be transferred to the Middle District of Pennsylvania.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193

n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

BY THE COURT,

s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated: May 1, 2012

cc: The Honorable Gary L. Lancaster
Chief United States District Judge

JAY ALLEN HENCH
JC-0414
S.C.I. Rockview
Box A
Bellefonte, PA 16823